UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JAN WRIGHT**                             **CASE NO. 6:24-CV-01760**

**VERSUS**                                 **JUDGE ELIZABETH E. FOOTE**

**COMMISSIONER OF SOCIAL**                 **MAGISTRATE JUDGE CAROL B.**
**SECURITY ADMINISTRATION**                **WHITEHURST**

## MEMORANDUM ORDER

Before the Court is Claimant's Application for Attorney's Fees, Costs, and Expenses Pursuant to the Equal Access to Justice Act. (Rec. Doc. 19). The Commissioner filed a response confirming no objection to Claimant's Application. (Rec. Doc. 21).

In August 2025, the Court reversed the Commissioner's finding of non-disability and remanded the matter for reconsideration of evidence and reevaluation of whether Claimant meets the requirements of Listing 11.04 and of Claimant's residual functional capacity. (Rec. Doc. 16, adopted at Rec. Doc. 18). Claimant now seeks her attorney's fees and costs under the Equal Access to Justice Act (EAJA).

Under the EAJA, "a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded…to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States." 28 U.S.C. § 2412(b). The court must find that the

government's position was not "substantially justified" and that there are no "special circumstances that would make an award unjust." *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). A remand under the fourth sentence of 42 U.S.C. § 405(g) constitutes a final judgment that triggers the filing period for an EAJA fee application. *Shalala v. Schaeffer*, 509 U.S. 292 (1993); *Freeman v. Shalala*, 2 F.3d 552, 553 (5th Cir. 1993).

Claimant submitted an affidavit of her counsel evidencing 46.9 hours of legal work, including meeting with Claimant, reviewing records, research, and drafting pleadings. (Rec. Doc. 19-1). For the reasons stated in this Court's Report and Recommendation reversing and remanding the Commissioner's decision (Rec. Doc. 16), the Court finds the Commissioner's position was substantially unjustified. The Court further finds the attorney's time spent and requested hourly rate of $200 reasonable and warranted. See *Carr v. Kijakazi*, No. CV 3:21-04454, 2023 WL 3168676, at *3 (W.D. La. Apr. 13, 2023), *report and recommendation adopted,* No. CV 3:21-04454, 2023 WL 3168343 (W.D. La. Apr. 28, 2023) (adopting $200 hourly rate for successful Social Security appeals in this District). Accordingly,

IT IS ORDERED that Claimant's Application for Attorney's Fees, Costs, and Expenses (Rec. Doc. 19) is GRANTED. Claimant is hereby awarded $405.00 for costs and $9,380.00 for attorney's fees.

Signed at Lafayette, Louisiana on this 12th day of November, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE